1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| BENJAMIN ANDERSON, | ) | No. C 11-04276 EJD (PR) |
| Plaintiff, | ) | ORDER OF SERVICE; DIRECTING |
| | ) | DEFENDANT TO FILE DISPOSITIVE |
| vs. | ) | MOTION OR NOTICE REGARDING |
| | ) | SUCH MOTION; INSTRUCTIONS TO |
| | ) | CLERK |
| BILL ZIKA, | ) | |
| Defendant. | ) | |

11
12
13
14
15
16

17    Plaintiff, a California inmate, filed the instant civil rights action in pro se pursuant

18 to 42 U.S.C. § 1983 against Defendant Bill Zika of the Correctional Training Facility -

19 Soledad ("CTF") for unconstitutional acts.  Plaintiff's motion for leave to proceed in

20 forma pauperis, (Docket No. 2), will be granted in a separate order.

21

22                                    **DISCUSSION**

23 **A.    Standard of Review**

24    A federal court must conduct a preliminary screening in any case in which a

25 prisoner seeks redress from a governmental entity or officer or employee of a

26 governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

27 any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

28 claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief.  <u>See</u> <u>id.</u> § 1915A(b)(1),(2).  <u>Pro</u> <u>se</u> pleadings must, however, be liberally construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

**B.**   <u>**Plaintiff's Claims**</u>

Plaintiff claims that Defendant Bill Zika, the Chief Mental Health Officer at CTF, unlawfully denied him reasonable accommodations for his mental disability by denying him single-cell placement although it was recommended by the "mental health treatment team." (Compl. at 3-4.)  Plaintiff alleges that Defendant Zika's reasoning for the denial was that Plaintiff must first "display aggressive, combative behavior, or other engage in what are essentially 'Gladiator Fights' in his cell with another prisoner before [Plaintiff] could be considered for single-cell placement.  (<u>Id.</u> at 4.)  Plaintiff claims that such reasoning demonstrates a "cruel sadistic, and culpable state of mind that amounts to [d]eliberate [i]ndifference to [Plaintiff's] overall mental health needs." (<u>Id.</u>)  Plaintiff claims that the denial also violates his rights under the Americans with Disabilities Act of 1990  ("ADA").  Plaintiff seeks injunctive relief.  Liberally construed, Plaintiff's claims are cognizable under § 1983 as a violation of the Eighth Amendment and the ADA.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendant Bill Zika** at the **Correctional Training Facility in Soledad**, (P.O. Box 686, Soledad, CA 93960-0686).

1    The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy
2    of this Order to the California Attorney General's Office. Additionally, the Clerk shall
3    mail a copy of this Order to Plaintiff.
4        2.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil
5    Procedure requires him to cooperate in saving unnecessary costs of service of the
6    summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this
7    action and asked by the Court, on behalf of Plaintiff, to waive service of the summons,
8    fails to do so, he will be required to bear the cost of such service unless good cause shown
9    for his failure to sign and return the waiver form.  If service is waived, this action will
10   proceed as if Defendant had been served on the date that the waiver is filed, except that
11   pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer
12   before **sixty (60) days** from the day on which the request for waiver was sent.  (This
13   allows a longer time to respond than would be required if formal service of summons is
14   necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver
15   form that more completely describes the duties of the parties with regard to waiver of
16   service of the summons.  If service is waived after the date provided in the Notice but
17   before Defendant has been personally served, the Answer shall be due **sixty (60) days**
18   from the date on which the request for waiver was sent or **twenty (20) days** from the date
19   the waiver form is filed, whichever is later.
20       3.    No later than **sixty (60) days** from the date of this order, Defendant shall
21   file a motion for summary judgment or other dispositive motion with respect to the claims
22   in the amended complaint found to be cognizable above.
23          a.    If Defendant elects to file a motion to dismiss on the grounds
24   Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.
25   § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to
26   <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied</u> <u>Alameida v.</u>
27   <u>Terhune</u>, 540 U.S. 810 (2003).
28          b.    Any motion for summary judgment shall be supported by adequate

1  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

2  Civil Procedure.  **Defendant is advised that summary judgment cannot be granted,**

3  **nor qualified immunity found, if material facts are in dispute.  If Defendant is of the**

4  **opinion that this case cannot be resolved by summary judgment, he shall so inform**

5  **the Court prior to the date the summary judgment motion is due.**

6      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

7  and served on Defendant no later than **thirty (30) days** from the date Defendant's motion

8  is filed.

9      a.    In the event the Defendant files an unenumerated motion to dismiss

10  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

11          The defendants have made a motion to dismiss pursuant to Rule
12(b) of the Federal Rules of Civil Procedure, on the ground you
12  have not exhausted your administrative remedies.  The motion will,
if granted, result in the dismissal of your case.  When a party you are
13  suing makes a motion to dismiss for failure to exhaust, and that
motion is properly supported by declarations (or other sworn
14  testimony) and/or documents, you may not simply rely on what your
complaint says.  Instead, you must set out specific facts in
15  declarations, depositions, answers to interrogatories, or documents,
that contradict the facts shown in the defendant's declarations and
16  documents and show that you have in fact exhausted your claims.  If
you do not submit your own evidence in opposition, the motion to
17  dismiss, if appropriate, may be granted and the case dismissed.

18      b.    In the event Defendant files a motion for summary judgment,

19  the Ninth Circuit has held that the following notice should be given to Plaintiffs:

20          The defendants have made a motion for summary judgment by which
they seek to have your case dismissed.  A motion for summary
21  judgment under Rule 56 of the Federal Rules of Civil Procedure will,
if granted, end your case.
22  Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted
23  when there is no genuine issue of material fact--that is,  if there is no
real dispute about any fact that would affect the result of your case,
24  the party who asked for summary judgment is entitled to judgment as
a matter of law, which will end your case.  When a party you are
25  suing makes a motion for summary judgment that is properly

26  _____

27  [1] The following notice is adapted from the summary judgment notice to be given to pro
se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
28  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1

2

3

4

5

6

> supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

7

8

9

10

11

12

13

14

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

15

16

     5.     Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

17

18

     6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

19

20

21

     7.     All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

22

23

24

     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

25

26

27

28

     9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1      10.    Extensions of time must be filed no later than the deadline sought to be

2  extended and must be accompanied by a showing of good cause.

3

4  DATED: _____2/13/2012_____

                         EDWARD J. DAVILA

5                           United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


BENJAMIN ANDERSON,

                Plaintiff,

  v.

BILL ZIKA,

                Defendant.

_____/

Case Number: CV11-04276 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/13/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Benjamin Anderson K-91382
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960


Dated: _____2/13/2012_____

                                     Richard W. Wieking, Clerk
                          /s/ By: Elizabeth Garcia, Deputy Clerk