IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANDERSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>BILL ZIKA,<br><br>    Defendant. | No. C 11-04276 EJD (PR)<br><br>ORDER PARTIALLY GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION, TO STAY DISCOVERY AND TO COMPEL DISCOVERY<br><br>(Docket Nos. 14, 16, 19 & 24) |

    Plaintiff, a California inmate, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against Defendant Bill Zika of the Correctional Training Facility - Soledad ("CTF") for unconstitutional acts. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 16.) Plaintiff filed an opposition, and Defendant filed a reply. Also pending is Plaintiff's motion for a preliminary injunction (Docket No. 14), Defendant's motion to stay discovery (Docket No. 19) and Plaintiff's motion to compel (Docket No. 24).

**DISCUSSION**

**I.    Plaintiff's Claims**

    Plaintiff claims that Defendant Bill Zika, the Chief Mental Health Officer at CTF, unlawfully denied him reasonable accommodations for his mental disability by

denying him single-cell placement although it was recommended by the "mental health treatment team." (Compl. at 3-4.) Plaintiff alleges that Defendant Zika's reasoning for the denial was that Plaintiff must first "display aggressive, combative behavior, or otherwise engage in what are essentially 'Gladiator Fights' in his cell with another prisoner before [Plaintiff] could be considered for single-cell placement. (Id. at 4.) Plaintiff claims that such reasoning demonstrates a "cruel sadistic, and culpable state of mind that amounts to [d]eliberate [i]ndifference to [Plaintiff's] overall mental health needs." (Id.) Plaintiff claims that the denial also violates his rights under the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff only seeks injunctive relief, namely that: 1) he be placed in a single-person cell; 2) Defendant be compelled to comply with the ADA when assessing individual needs for reasonable accommodations; and 3) Defendant be ordered to abolish the practice of requiring mentally ill patients to first engage in "Gladiator fights" in their cells with another inmate before considered for single-cell placement. The Court found that liberally construed, Plaintiff's claims were cognizable under § 1983 as a violation of the Eighth Amendment and the ADA.

## II.   **Motion to Dismiss**

Defendant contends that Plaintiff's claims for injunctive relief are barred as he is a member of pending class action lawsuits, the official and individual capacity claims must be dismissed as a matter of law and Plaintiff fails to state a claim that Defendant violated his Eighth Amendment rights by denying him single-cell status. (Motion to Dismiss ("MTD") at 4, 6.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Furthermore, "[w]hile a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.[1]  This standard applies to all cases.  See, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

   1. Class Actions

Defendant first contends that Plaintiff's request for injunctive relief is barred as he is an individual class member in the pending class actions Coleman v. Brown, et al., No. S 90–0520 LKK–JFM (E.D. Cal.) and Plata v. Brown, No. 01–cv–01351 TEH (N.D. Cal.).[2]  Brought by California state inmates, the Coleman class-action lawsuit concerns the constitutional adequacy of the mental health care provided to CDCR inmates; the Coleman class consists of "all inmates with serious mental disorders who are now, or who will in the future, be confined with the California Department of Corrections." (Class Cert. Order, Nov. 14, 1991, 4–5, No. S 90–0520 LKK–JFM

---

[1] Twombly disapproved the "no set of facts" language in Conley v. Gibson, 355 U.S. 41 (1957).  Conley had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46.  Twombly decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 562.

[2] The Court takes judicial notice of these cases.

1 (E.D. Cal.).) The Plata class-action suit concerns the constitutional adequacy of
2 CDCR's inmate medical health care; the Plata class consists of "all prisoners in the
3 custody of the [California Department of Corrections] with serious medical needs."
4 (Stip. for Inj. Relief 5, ECF No. 24, No. 01–cv–01351 TEH (N.D.Cal.).)

A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."). A plaintiff, however, may pursue equitable relief that goes beyond that which is covered by the class action. See Crawford, 599 F.2d at 893 (reversing district court's dismissal of plaintiff's claims for relief that were not included in a class action challenging overcrowding); accord, McNeil, 945 F.2d at 1166 n. 4 ("class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action").

When reviewing claims for equitable relief brought by prisoners who are members of the Coleman and Plata classes, a number of district courts have concluded that an individual class member may proceed with a separate action for equitable or injunctive relief if he seeks relief that is specific to his medical needs and the circumstances of his incarceration, rather than the broad, systemic relief targeted by those actions. See, e.g., Burnett v. Dugan, 618 F.Supp. 2d 1232, 1236-37 (S.D. Cal. 2009) (granting preliminary injunction requiring defendants to adhere to chronos for plaintiff's medically-indicated housing needs because he was not seeking "relief on behalf of all the other inmates in the CDCR," nor "broad based reform of the CDCR's medical practices which is the subject of the Plata litigation," but, rather, relief that was "quite narrow and specific" to him); Moore v. McDonald, 2011 WL 3684608, *4 (E.D. Cal., Aug. 23, 2011) (denying defendants' motion to dismiss under Plata and

allowing plaintiff to proceed with "discrete, individualized claims for equitable relief" pertaining to his receipt of insulin and a special diet for his diabetes); Rincon v. Cate, 2010 WL 5863894, *4 (S.D. Cal., Nov. 15, 2010) (authorizing plaintiff to "maintain a separate suit arising from his discrete medical condition"); Neumann v. Veal, 2008 WL 2705549, *2-3 (E.D. Cal., July 10, 2008) (finding plaintiff's claims for injunctive relief regarding inadequate mental health care "appear to be unique to him" and allowing him to proceed individually on those claims because Coleman does not adequately protect his rights); Tillis v. Lamarque, 2006 WL 644876, *9 (N.D .Cal., March 9, 2006) (finding plaintiff's request for transfer to another institution for appropriate medical treatment not barred by Plata because "[p]laintiff is seeking relief solely on his own behalf ....").

In the present case, the injunctive relief sought by Plaintiff with respect to being placed in a single cell does not seek broad reform or implicate the policies, procedures and practices put in place by the Plata and Coleman cases. Rather, he seeks specific, individualized relief from the alleged unconstitutional practice of one particular prison doctor regarding Plaintiff's condition. Accordingly, the Court finds that because Plaintiff's request for a single cell concerns an individual prisoner's needs, is based on his unique circumstances and is made solely on his own behalf, it is not barred because he is a member of the Plata and Coleman classes; thus, he may proceed with this claim for injunctive relief.

However, Plaintiff's request that Defendant be compelled to comply with the ADA when assessing individual needs for reasonable accommodations and that Defendant alter the requirements considering single cell placement, do implicate policies and procedures and do not solely concern his individual needs. Plaintiff is essentially seeking to change the manner in which the entire prison operates with respect to these aspects of medical care and mental health treatment, which are part of the subject matter of the class actions. Therefore, these two requests for injunctive relief are dismissed from this action.

2. <u>Official/Individual Capacity</u>

Defendant next argues that Plaintiff cannot bring this action against him in his official capacity or individual capacity. Plaintiff only seeks injunctive relief.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206, 213 (1998).

With respect to his official capacity, Defendant's argument fails. In <u>Miranda B. v. Kitzhaber</u>, 328 F.3d 1181 (9th Cir. 2003), the Ninth Circuit held that "Title II's statutory language does not prohibit . . . injunctive action against state officials in their official capacities." <u>Id</u>. at 1187-88; <u>see also</u> <u>Phiffer v. Columbia River Corr. Inst.</u>, 384 F.3d 791, 792 (9th Cir. 2004) (state is not entitled to Eleventh Amendment immunity under Title II of the ADA). However, Defendant may not be sued in his individual capacity for injunctive relief. <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1155-56 (9th Cir. 2002).

Therefore, Plaintiff's claims against Defendant in his individual capacity are dismissed but may continue against Defendant in his official capacity.

3. <u>Eighth Amendment</u>

Defendant also argues that Plaintiff's Eighth Amendment claim fails to state a claim.[3]

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is,

---

[3] Defendant does not argue that the ADA claim fails to state a claim.

subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health. See Farmer, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. Id. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

According to the complaint, it was recommended by a mental health team that Plaintiff be housed in a single cell to stabilize and improve his mental health condition. This was forwarded to Defendant who denied the recommendation and it would appear Plaintiff continued to share a cell. Plaintiff theorizes that he was denied a single cell because there was no history of sexual abuse or assaultive behavior with him and his cellmate.

Plaintiff states he needs a single cell because he is mentally ill, though provides little information regarding his illness other than saying he has post traumatic stress disorder with paranoia and auditory hallucinations. Plaintiff provides no information regarding if his condition worsened due to the shared cell or why a single cell is so important for his health. Plaintiff spends the majority of the complaint discussing that the recommendation was denied because there was no conflict between he and his cellmate. Assuming this is true, Plaintiff has still failed to allege how Defendant was deliberately indifferent to Plaintiff's serious medical needs, nor has Plaintiff sufficiently discussed his medical needs. Nor has Plaintiff alleged that Defendant was even aware of the possible medical harm that could befall Plaintiff. The complaint only presents a difference of medical opinion which fails to state an Eighth Amendment claim.[4]

The Eighth Amendment claim will be dismissed but Plaintiff will be provided an opportunity to file an amended complaint if he wishes. If Plaintiff files an amended complaint he must also include the ADA claim because an amended complaint completely replaces the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.[5]

---

[4] Nor does this state a claim for failure to protect under the Eighth Amendment as Plaintiff has not suffered any injury, he does not allege any specific threat from having a cellmate nor does he allege that Defendant was aware of any threat.

[5] The qualified immunity argument need not be addressed as Plaintiff only seeks injunctive relief and qualified immunity does not preclude injunctive relief. Walker v.

### III. Miscellaneous Motions

As the motion to dismiss is being granted in part, Defendant's motion for a stay of discovery (Docket No. 19) is denied. As several of Plaintiff's claims have been denied, his motion to compel (Docket No. 24) will be denied without prejudice, as many of the requests in the motion concern claims no longer part of this action. If an amended complaint is filed with all cognizable claims or this case continues solely on the ADA claim, Plaintiff may refile the motion to compel at a future date if required and tailored to the cognizable claims.

Plaintiff's motion for a preliminary injunction to obtain a single cell (Docket No. 14) will be denied for the same reasons as discussed above. Plaintiff states he has a mental illness, but provides no information regarding the illness. He states that he requires daily medication, but it is not clear how sharing a cell affects this. Plaintiff again focuses his argument on his belief that he must have an altercation with his cellmate, before he will be allowed a single cell, yet fails to discuss his medical problems or disabilities that require such a cell. Plaintiff's argument that simply having to share a cell violates the Eighth Amendment is meritless.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). Plaintiff has failed to demonstrate that he is entitled to such relief.

---

Gomez, 370 F.3d 969, 978 (9th Cir. 2004).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

All claims are dismissed except the ADA claim regarding Plaintiff's placement in a single cell, against Defendant in his official capacity. The complaint is DISMISSED WITH LEAVE TO AMEND, if Plaintiff wishes, with respect to the Eighth Amendment claim. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff may file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, No. C 11-04276 EJD (PR).

If Plaintiff files an amended complaint he must also include the ADA claim because an amended complaint completely replaces the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in this action continuing solely on the ADA claim.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 14, 16, 19 & 24.

DATED: 1/8/2013  
EDWARD J. DAVILA
United States District Judge