UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BILL ZIKA,<br><br>　　　　Defendant. | Case No. 11-cv-04276-WHO (PR)<br><br>**ORDER DENYING MOTION TO DISMISS;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A MOTION FOR SUMMARY JUDGMENT** |

　　　　This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by pro se state prisoner-plaintiff Benjamin Anderson. Defendant's motion to dismiss the complaint on grounds that Anderson has failed to state claims for relief (Docket No. 37) is DENIED without prejudice. As the Court stated in the order of service, Anderson's allegations, when liberally construed, appear to state claims for relief.

　　　　Defendant's grounds for dismissal are more properly raised in a motion for summary judgment. Accordingly, defendant shall file a motion for summary judgment, or notice regarding such motion, on or before April 22, 2014. Anderson shall file and serve on defendant his opposition, if any, within 45 days after the motion for summary judgment has been filed. If Anderson files an opposition, defendant may but is not required to file a reply, which shall be filed with the Court and served on Anderson within 30 days after his opposition is filed. Extensions of time must be filed no later than the deadline sought to be

1 extended and must be accompanied by a showing of good cause.

2      A recent decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). **Defendant shall provide the following notice to Anderson when defendant files and serves any motion for summary judgment**:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

The Clerk shall terminate Docket No. 37.

**IT IS SO ORDERED.**

**Dated:** January 22, 2014

                                                                       WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BILL ZIKA et al,<br><br>　　　　　Defendant.<br>_____/ | Case Number: CV11-04276 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Benjamin Anderson K-91382
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Dated: January 22, 2014

　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　By: Jean Davis, Deputy Clerk